JOHN WALSHE MURRAY (074823)
JENNY L. FOUNTAIN (226241)
LAURENT CHEN (191661)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone:  (650) 852-9000; (408) 907-9200
Facsimile:  (650) 852-9244
Email:  jwmurray@murraylaw.com
Email:  jlfountain@murraylaw.com
Email:  lchen@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| **PASADERA COUNTRY CLUB, LLC** | ) Case No. 09-50771-MM |
| A California Limited Liability Company | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) Date:     December 17, 2009 |
| 100 Pasadera Drive | ) Time:     2:00 p.m. |
| Monterey, CA 93940 | ) Place:    United States Bankruptcy Court |
| | )              280 S. First St., Room 3070 |
| Employer Tax I.D. No.: 77-0498396 | )              San Jose, CA  95113 |
| | ) Judge:    Honorable Marilyn Morgan |
| | ) |

## SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

Case: 09-50771    Doc# 174    Filed: 11/25/09    Entered: 11/25/09 16:28:00    Page 1 of 28

# TABLE OF CONTENTS

Page No.

I. NOTICE. ....................................................................................................1
II. INTRODUCTION. ......................................................................................1
III. EMPLOYMENT AUTHORIZATION. .........................................................2
IV. APPLICANT'S ATTORNEYS FEES AND EXPENSES. ...............................2
V. ASSETS OF THE PASADERA COUNTRY CLUB. ......................................2
VI. ESTIMATED ACCRUED EXPENSES OF ADMINISTRATION. ...................2
VII. HISTORY. .................................................................................................4
VIII. ACTIVITY IN THE CHAPTER 11 CASE. ...................................................6
IX. PRESENT POSTURE OF THE CASE. .........................................................9
X. PROJECT BILLING. .................................................................................9

    A. COMMUNICATIONS TO AND FROM DEBTOR AND DEBTOR'S PROFESSIONALS. .................9
    B. COMMUNICATIONS TO AND FROM PARTIES IN INTEREST (GENERALLY)......................10
    C. MONTHLY OPERATING REPORTS. .........................................................10
    D. ASSET SALE. ..........................................................................................11
    E. REAL PROPERTY LEASE. ........................................................................12
    F. CLAIMS. .................................................................................................12
    G. PLAN OF REORGANIZATION. ................................................................13
    H. DISCLOSURE STATEMENT. .....................................................................14
    I. LEGAL RESEACH re PLAN CLASSIFICATION. .........................................14
    J. LEGAL RESEARCH re CRAM DOWN. .....................................................15
    K. EXCLUSIVITY. ........................................................................................15
    L. INTERACTION WITH CREDITORS' COMMITTEE. .....................................16
    M. CASE MANAGEMENT. ............................................................................16
    N. COMPENSATION OF PROFESSIONALS (GENERALLY). .............................17
    O. COMPENSATION OF FLG PARTNERS. ....................................................17
    P. COMPENSATION OF COMMITTEE COUNSEL. ..........................................18
    Q. MURRAY & MURRAY'S FIRST APPLICATION FOR INTERIM COMPENSATION..............18
    R. MURRAY & MURRAY'S SECOND APPLICATION FOR INTERIM COMPENSATION............19

XI. PROJECT BILLING SUMMARY. ..............................................................20
XII. BILLING SUMMARY. ..............................................................................20
XIII. REIMBURSEMENT OF EXPENSES. ..........................................................21
XIV. PRIOR COMPENSATION. .......................................................................22
XV. SOURCE OF COMPENSATION. ...............................................................22
XVI. NO SHARING OF COMPENSATION. ........................................................22
XVII. UNPAID CHAPTER 11 EXPENSE OF ADMINISTRATION CLAIMS. ..........22
XVIII. VOLUNTARY REDUCTION. ....................................................................23
XIX. RELIEF REQUESTED. .............................................................................23

CERTIFICATION re COMPLIANCE WITH GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS ..........................................................................25

EXHIBIT INDEX ....................................................................................................26

Case: 09-50771   Doc# 174   Filed: 11/25/09   Entered: 11/25/09 16:28:00   Page 2 of 28

## SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

TO THE HONORABLE MARILYN MORGAN, UNITED STATES BANKRUPTCY JUDGE:

The SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR (the "Application") of Murray & Murray, A Professional Corporation ("Murray & Murray" or your "Applicant") respectfully represents:

### I. NOTICE.

Notice of the hearing on this Application is being provided by your Applicant to those parties described on this Court's ORDER LIMITING NOTICE entered on February 10, 2009 as follows:

    i.    The natural person responsible for the duties and obligations of the Debtor pursuant to B.L.R. 4002-1 of the Local Bankruptcy Rules for the Northern District of California;

    ii.    Any appointed committee and counsel for such committee;

    iii.    All secured creditors;

    iv.    All creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims;

    v.    The Office of the United States Trustee in San Jose, California;

    vi.    Parties affected by any particular Motion; and

    vii.    Any party in interest who serves on the Debtor's counsel and files with the Clerk of the Court a request for special notice.

### II. INTRODUCTION.

Murray & Murray is a professional law corporation, each of whose attorneys is duly licensed and admitted to practice before this Court. Murray & Murray is the attorney for Pasadera Country Club, LLC (the "Debtor"), having been so retained under a general retainer by order of this Court authorizing and approving such employment. As such attorney, Murray & Murray has performed various legal services for the Debtor, some of the particulars of which are hereinafter set forth.

/ / /

/ / /

III.    <u>EMPLOYMENT AUTHORIZATION.</u>

On February 23, 2009, this Court entered its ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL which authorized the Debtor to employ Murray & Murray under a general retainer on an hourly basis to provide aid and assistance in the administration of this case, to provide continued representation in all negotiations and proceedings involving creditors and other parties in interest, to prepare and assist in the confirmation of a plan, and to represent the Debtor in all other legal aspects of the Chapter 11 case. A copy of this order is attached hereto as **Exhibit "A"** and by this reference incorporated herein.

IV.    <u>APPLICANT'S ATTORNEYS FEES AND EXPENSES.</u>

Your Applicant seeks interim approval of its attorneys' fees and expenses incurred in this Chapter 11 case from June 1, 2009 through November 15, 2009 in the amount of $107,723.65 less the voluntary reductions of $10,256.50 discussed at Sections X. q. and r. below, for a net request of fees and costs of $97,467.15. These attorneys' fees and expenses can be broken down on a monthly basis as follows:

| Month | Fees | | Expenses | | Total | |
|-------|------|---|----------|---|-------|---|
| June | $ | 25,116.50 | $ | 487.12 | $ | 25,603.62 |
| July | $ | 13,654.50 | $ | 335.11 | $ | 13,989.61 |
| August | $ | 22,494.50 | $ | 243.22 | $ | 22,737.72 |
| September | $ | 15,787.50 | $ | 180.18 | $ | 15,967.68 |
| October | $ | 17,094.50 | $ | 194.52 | | 17,289.02 |
| November | $ | 12,136.00 | $ | 0.00 | | 12,136.00 |
| | $ | 106,283.50 | $ | 1,440.15 | $ | 107,723.65 |

V.    <u>ASSETS OF THE PASADERA COUNTRY CLUB.</u>

The Debtor's Monthly Operating Report for the period ending October 31, 2009 shows total assets of $17,462,507, including cash on hand of $147,077. In addition, the Debtor has approximately $400,000 remaining on a line of credit from the Principals (defined below) through the Court-approved debtor in possession financing.

VI.    <u>ESTIMATED ACCRUED EXPENSES OF ADMINISTRATION.</u>

Other than the accrued professional fees summarized below, Murray & Murray is informed that the Debtor is paying its post-petition expenses as they become due in the ordinary course of

business. The following is a summary of the compensation requested by professionals of the Debtor[1]:

| Applicant and Address | Fees and Expenses Requested |
|---|---|

**Debtor's Bankruptcy Counsel**

Murray & Murray
A Professional Corporation
19400 Stevens Creek Boulevard #200
Cupertino, CA 95014-2548
650-852-9000
Attn.: John Walshe Murray, Esq.
jwmurray@murraylaw.com

Fees:        $96,027.00
Expenses:  $ 1,440.15
Total:       $97,467.15

Period covered by application: June 1, 2009 through November 15, 2009.

**Debtor's Special Corporate Counsel**

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
415-954-4400
Attn.: Dean M. Gloster
dgloster@fbm.com

Fees:        $74,101.95
Expenses:  $ 1,177.30
Total:       $75,279.25

Period covered by application: February 9, 2009 through November 20, 2009

**Debtors' Financial Advisor**

FLG Partners, LLC
228 Hamilton Ave., 3rd Floor
Palo Alto, CA 94301
408-807-6677
Attn.: Douglas J. Lehrmann
doug@flgparners.com

Fees:        $21,925.00
Expenses:  $      0.00
Total:       $21,925.00

Period covered by application: June 13, 2009 through November 12, 2009.

**Debtor's Tax Accounts**

Hayashi & Wayland
Accounting & Consulting, LLP
1188 Padre Drive
Salinas, CA 93901
831-759-6300
Attn.: Warren Wayland
warrenw@hw-cpa.com

Fees:        $26,286.80
Expenses:  $      0.00
Total:       $26,286.80

Period covered by application: February 27, 2009 through October 31, 2009.

The foregoing professionals have also continued to provide services subsequent to their particular application period which will be the subject of subsequent applications to the Court.

---

[1] Wendel, Rosen, Black & Dean LLP, counsel to the Official Committee of Unsecured Creditors, has noticed a hearing on its application for compensation for December 3, 2009 wherein it is requesting payment of attorneys' fees and cost in the sum of $29,326.71.

## VII. HISTORY.

1.      The Debtor is a California limited liability company, the members of which are NCDG Golf, LLC, a Delaware limited liability company; deRegt Golf, LLC, a Delaware limited liability company; Bates Golf, LLC, a Delaware limited liability company; and Lee E. Newell. The sole member of NCDG Golf, LLC is New Cities Development Group, a California general partnership, the general partners of which are deRegt Development, Inc., a California corporation; Bates Properties, Inc., a California corporation; and New Cities Land Company, Inc., a California corporation. Thomas S. deRegt is the sole member of deRegt Golf, LLC and the president of deRegt Development, Inc. Frederick M. Bates is the sole member of Bates Golf, LLC and the president of Bates Properties, Inc. Lee E. Newell is the president of New Cities Land Company, Inc. Messrs. deRegt, Bates and Newell are hereinafter referred to as the "Principals."

2.      The Debtor owns and operates Pasadera Country Club (the "Club"), the centerpiece of a 565 acre master-planned residential community containing approximately 259 residential units. The Club was developed in 1999 at a cost of approximately $41,000,000. Many homeowners in the Pasadera community are members of the Club. The Club features the only Jack Nicklaus Signature golf course on California's central coast, and represents the exclusive design effort by Mr. Nicklaus on the Monterey Peninsula, universally acclaimed as the golf capital of the world. The Club's golf amenities include an 18-hole private golf course, practice area, short game area and practice putting green. The Club offers golf instruction on both an individual and group basis designed to educate each golfer on the subtleties of the game.

3.      Additional Club facilities include an expansive 38,000 square-foot Spanish-style clubhouse as well as first-class dining, lounge and locker room areas, a fitness and wellness center with an adult lap pool and outdoor spa, and a state-of-the-art aquatic center and tennis complex with three distinct aquatic areas and five tennis courts. The Club offers a variety of memberships including a "Golf Membership" providing full access to all Club facilities and amenities, a "Corporate Membership" for commercial enterprises, an "Associate Membership" aimed at younger members, a "Social Membership" providing access to the tennis and swim facilities, fitness center,

dining, clubhouse and all social related events and activities, and a "National Membership" for those not living in the area. Membership fees are payable upon admission and refundable in twenty (20) years or thirty (30) years, depending on the category of membership, or upon a member's resignation from the Club pursuant to the protocol set forth in the Membership Plan. In addition, members pay monthly dues, the amount of which depends on the membership category.

4. The Club has approximately 280 active dues paying members in the "Golf" and "Social" membership categories. The rights of Club members are governed by the Membership Plan and each member's Membership Agreement. Although the form of each has evolved over the years, both allow the Club, "in its sole and absolute discretion, to terminate or modify the Membership Plan . . . and to make any other changes in the terms and conditions of membership." In executing their Membership Agreements, each member acknowledged receipt of the Membership Plan and agreed "to be bound by the terms and conditions thereof as the same may be amended from time to time by the Club."

5. The Club has yet to sell all available memberships. Without full membership initiation fees and monthly dues, the Club has not been able to operate on a cash break even basis, and has yet to achieve profitability. Since the Club's inception in 1999, the Principals have advanced in excess of $28,000,000 (including interest) to maintain operations.

6. The Debtor's monthly expenses range from $350,000 to $600,000 including approximately $200,000 for payroll related costs. The Debtor's senior secured lender is Rabobank with an outstanding principal claim of approximately $7,800,000 secured by a senior security interest in the Debtor's real property. The real property was appraised as of January 1, 2002 at a value of $16,500,000. The Debtor is informed that the property was appraised by the bank in January of 2008 at $17,000,000. The Debtor's obligation to Rabobank is guaranteed by the Principals.

7. Pre-petition, the Debtor also borrowed, on a junior secured basis, approximately $750,000 from the Principals.

8. The Debtor is also a party to a number of equipment leases, a real property lease for its driving range, and various independent contractor agreements.

9.     The Debtor is actively marketing the Club for sale.  Various parties have expressed interest, all of whom the Debtor has aggressively pursued.  Once a sale transaction is identified, the Debtor will file its Chapter 11 plan of reorganization which will, among other things:   (a) incorporate the sale terms; (b) provide for the assumption or satisfaction of the Rabobank obligation; (c) provide for the payment of all trade creditors in full; (d) provide for the assumption and assignment of certain executory contracts and unexpired leases, and the rejection of others; (e) modify the Membership Plan to reflect the sale terms, as allowed by the Membership Plan and individual Membership Agreements; and (f) provide for the waiver and release of the Principals' claims of approximately $28,000,000.

10.     Absent a significant restructuring, members have little chance of realizing the value of their memberships.  Without a modification of members' rights as allowed by their membership agreements, and the Principals' waiver and release of their $28,000,000 claim, it is unlikely that a buyer for the Club will emerge.  Without a buyer, Rabobank will eventually foreclose and the rights of all members will be extinguished.

11.     Prior to the commencement of the case, the Debtor met with the Club members to discuss the current financial crisis and to solicit views and suggestions regarding the Debtor's strategy going forward.  A number of members, including some of those on the Club's Board of Governors, expressed interest in serving on a members' committee during the Chapter 11 case.  Post-Petition, the office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") comprised of both Club members and trade vendors.  The Committee is represented by Wendel Rosen Black & Dean, LLP.

12.     The Principals have also agreed to provide debtor in possession financing through a line of credit in the sum of $1,200,000 which amount will sustain the Debtor's operation for the time it will take to complete the reorganization process.  There remains approximately $400,000 on the line of credit.

VIII.   ACTIVITY IN THE CHAPTER 11 CASE.

The Chapter 11 case was commenced on February 6, 2009 with the filing of the Debtor's Voluntary Petition.  Immediately thereafter, the Debtor sought and obtained an order from the Court

designating Thomas S. deRegt as the designated responsible individual. Concurrently therewith, the Debtor sought and obtained an order limiting notice in the case.

First day motions which were filed and approved included the following:

1. MOTION FOR ORDER AUTHORIZING DEBTOR TO: (I) HONOR PREPETITION EMPLOYEE WAGES, GRATUITIES AND OBLIGATIONS; AND (II) FOR DEBTOR, BANKS AND OTHER FINANCIAL INSTITUTIONS TO COMPLY WITH PROCEDURES RELATING THERETO;

2. MOTION FOR ORDER: (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS; and

3. MOTION FOR ORDER AUTHORIZING THE DEBTOR TO CONTINUE CERTAIN MEMBERS' BENEFITS AND AMENITIES PROGRAMS.

After the hearing on February 12, 2009, the Court entered its orders approving the various first day motions.

Through your Applicant, the Debtor also moved the Court for authority to engage the following professionals and/or contractors to assist in the Chapter 11 case: Your Applicant as general bankruptcy counsel; Armanasco Public Relations, Inc. as it media relations provider and advisor; Farella Braun + Martel LLP as its outside corporate counsel in connection with various corporate, securities, tax and employee benefits law matters, employment issues, and general liability insurance issues; FLG Partners, LLC ("FLG") as its professional financial advisor to assist with the preparation of financial statements and Monthly Operating Reports ("MOR") and to provide financial advice as well as to assist with the Debtor's books and records; Hayashi & Wayland Accounting & Consulting, LLP ("Hayashi") as its tax accountant to provide bookkeeping, tax advice and to assist with the preparation and filing of the Debtor's state and federal taxes; Insight Land & Investments as its broker to negotiate the sale of the Club to Mr. Bill Walters of the Walters Group; Omni Management Group, LLC as noticing and claims agent and to provide such additional services as requested by the Court or the Debtor. Employment of all of the above identified professionals was approved pursuant to Court order.

///

JWM:yle
K:\Pasadera\Pldg\FeeApps\McM\Second\App v2.docx

On March 5, 2009, the Debtor attended the Initial Debtor Interview at the Office of the United States Trustee.

On March 18, 2009, the Debtor attended the Section 341 Meeting of Creditors.

On March 11, 2009, General Electric Capital Corporation filed a motion for relief from stay alleging, among other things, post-petition default, seeking adequate protection or relief to recover leased and/or financed equipment. The Debtor opposed this motion and after the hearing and negotiations, the parties executed and filed their STIPULATION RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY [PERSONAL PROPERTY] which was approved by this Court's order entered on April 15, 2009.

The Debtor, through your Applicant, submitted its CHAPTER 11 STATUS CONFERENCE STATEMENT on April 2, 2009, and attended the Chapter 11 status conference before this Court on April 9, 2009.

The Debtor also requested an extension of time to assume or reject its unexpired nonresidential real property lease. Following a hearing on May 8, 2009 and negotiations with the lessor, on May 12, 2009, the parties executed and filed a STIPULATION ON MOTION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE which was approved by Order of this Court on May 13, 2009. This Order extended to September 4, 2009 the time for the Debtor to assume or reject the lease. Upon further stipulation of the parties, on August 6, 2009, this Court entered its ORDER RE STIPULATION ON MOTION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE further extending the time for the Debtor to assume or reject the lease to December 15, 2009. The parties have recently executed a further stipulation which will extend the time for the Debtor to assume or reject the lease to June 15, 2010.

The Debtor also requested from this Court an order extending the exclusive period during which only the Debtor may file a plan and solicit acceptances thereof. The Debtor, the Committee and the Debtor's senior secured creditor Rabobank N.A. ("Rabobank") thereafter entered into, and filed with the Court, the STIPULATION AMONG DEBTOR, CREDITORS' COMMITTEE AND RABOBANK FOR ENTRY OF ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF ("Exclusivity Stipulation") to extend the

exclusive periods to August 31, 2009 and October 30, 2009, respectively.  On May 4, 2009, the Court approved the Exclusivity Stipulation and entered its order extending the exclusive periods to August 31, 2009 and October 30, 2009, respectively.  On September 2, 2009, upon motion by the Debtor and agreement of Rabobank and the Committee, the Court entered its ORDER GRANTING DEBTOR'S MOTION FOR ORDER FURTHER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF whereby the exclusive periods were extended to October 31, 2009 and December 31, 2009, respectively.

The Debtor also requested and obtained an order from this Court approving post petition debtor-in-possession financing from the Principals in the sum of $1.2 million which amount will sustain the Debtor's operation for the time it will take to complete the reorganization process.  There remains approximately $400,000 available under the line of credit.

The Debtor is current on its MOR filings and has filed its Statement of Financial Affairs and Schedules of Assets and Liabilities.

IX.   PRESENT POSTURE OF THE CASE.

The Debtor continues to work diligently with those parties who have expressed an interest in acquiring the Debtor's assets or forming business alliances relative thereto.  It is the Debtor's hope to have a transaction identified as soon as possible to be incorporated into its plan of reorganization.

X.   PROJECT BILLING.

Murray & Murray has included the following project billing categories in this Application:

a.   COMMUNICATIONS TO AND FROM DEBTOR AND DEBTOR'S PROFESSIONALS.

This project billing category includes all of your Applicant's attorneys' fees relative to communications with the Debtor's representatives and the Debtor's other professionals engaged in the case, which do not fit within a more discrete project billing category or fall into multiple discrete project billing categories and are not easily separable, including matters regarding the Debtor's budget, cash flow forecasts, negotiations with Rabobank, the Internal Revenue Service, strategies in communicating with the membership, compliance with the United States Trustee guidelines, tax audits and appraisals.

**<u>Project Summary</u>**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "B"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 4.00 | $ 590.00 | $ 2,360.00 |
| Jenny Lynn Fountain (JLF) | 1.10 | $ 350.00 | $ 385.00 |
| **Totals** | **5.10** | | **$ 2,745.00** |

  b. COMMUNICATIONS TO AND FROM PARTIES IN INTEREST (GENERALLY).

This project billing category includes communications between your Applicant and other parties in interest in the case which do not fit within a more discrete project billing category or fit into multiple project billing categories and are not easily separable, including responding to inquiries from club members and communicating with the Office of the United States Trustee.

**<u>Project Summary</u>**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "C"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .70 | $ 590.00 | $ 413.00 |
| Jenny Lynn Fountain (JLF) | .30 | $ 350.00 | $ 105.00 |
| **Totals** | **1.00** | | **$ 518.00** |

  c. **MONTHLY OPERATING REPORTS.**

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of the Debtor's MORs. The Debtor's controller took medical leave shortly before the Petition Date. As such, it was necessary for the Debtor to engage a financial firm, FLG, to assist in

the preparation of the MORs. This project billing category includes fees incurred by your Applicant conferring with FLG and the Debtor's representatives regarding reporting matters and the Debtor's MORs as well as time incurred reviewing and drafting notes to the MORs to explain particular entries. Your Applicant also incurred time in this category reviewing all reports and providing comments to same to FLG and the Debtor's representatives.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "D"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.30 | $ 590.00 | $ 767.00 |
| Jenny Lynn Fountain (JLF) | 22.70 | $ 350.00 | $ 7,945.00 |
| Rachel P. Ragni | 5.30 | $ 330.00 | 1,749.00 |
| **Totals** | 29.30 | | $ 10,461.00 |

    d.    ASSET SALE.

This project billing category includes your Applicant's attorneys' fees relative to potential sales of the Debtor's golf club, including conferring with the Debtor and its special corporate counsel regarding potential sale transactions, conferring with potential buyers and their financiers, and reviewing a proposed purchase and sale agreement and operating agreement with one prospective buyer.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "E"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

JWM\
K:\Pasadera\Pldg\FeeApps\M&M\Second\App v2.docx

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 14.10 | $ 590.00 | $ 8,319.00 |
| Janice M. Murray | .10 | $ 540.00 | $ 54.00 |
| Jenny Lynn Fountain (JLF) | 5.50 | $ 350.00 | $ 1,925.00 |
| Ivan C. Jen (ICJ) | .10 | $ 225.00 | 22.50 |
| **Totals** | 19.80 | | $ 10,320.50 |

e.   REAL PROPERTY LEASE.

The Debtor leases its driving range pursuant to a ten year lease which was renewed shortly before the Petition Date.  This project billing category includes your Applicant's attorneys' fees regarding the negotiation and preparation of stipulations and orders relative to obtaining extensions of time for the Debtor to assume or reject this lease.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "F"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .90 | $ 590.00 | $ 531.00 |
| Jenny Lynn Fountain (JLF) | 6.00 | $ 350.00 | $ 2,100.00 |
| **Totals** | 6.90 | | $ 2,631.00 |

f.   CLAIMS.

This project billing category includes your Applicant's attorneys' fees relative to claims against the bankruptcy estate and includes communications with the Debtor regarding claims and communications to and from parties in interest relative to their proofs of claim.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "G"** hereto and by this reference incorporated herein, which exhibit identifies the individual

professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | .50 | $ | 590.00 | $ | 295.00 |
| Jenny Lynn Fountain (JLF) | .20 | $ | 350.00 | $ | 70.00 |
| Ivan C. Jen (ICJ) | .10 | $ | 225.00 | | 22.50 |
| **Totals** | 0.80 | | | $ | 387.50 |

g.    PLAN OF REORGANIZATION.

This project billing category includes your Applicant's attorneys' fees relative to the Debtor's plan of reorganization and includes communications with the Debtor regarding the plan, plan structure and the incorporation of the terms of a sale and the legal issues relative thereto (including classification, the absolute priority rule and feasibility, cram down and valuations), legal research re default interest, assumption and assignment of contracts and leases, and preparation of the plan.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "H"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 6.20 | $ | 590.00 | $ | 3,658.00 |
| Janice M. Murray (JMM) | 1.40 | $ | 540.00 | $ | 756.00 |
| Jenny Lynn Fountain (JLF) | 35.90 | $ | 350.00 | $ | 12,565.00 |
| Ivan C. Jen (ICJ) | .20 | $ | 225.00 | $ | 45.00 |
| **Totals** | 43.70 | | | $ | 17,024.00 |

/ / /

h.    DISCLOSURE STATEMENT.

This project billing category includes your Applicant's attorneys' fees relative to the preparation of the Debtor's disclosure statement.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "I"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Jenny Lynn Fountain (JLF) | 7.40 | $ 350.00 | $ 2,590.00 |
| **Totals** | 7.40 | | $ 2,590.00 |

i.    LEGAL RESEACH RE PLAN CLASSIFICATION.

This project billing category includes your Applicant's attorneys' fees relative to legal research and analysis regarding classification of creditors under the Debtor's plan of reorganization. In particular, your applicant investigated whether the claims of trade vendors and club members may be separately classified for purposes of the plan of reorganization.  Such determination may be the lynch pin to the success of the Debtor's reorganization efforts.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "J"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Jenny Lynn Fountain (JLF) | 15.90 | $ 350.00 | $ 5,565.00 |
| **Totals** | 15.90 | | $ 5,565.00 |

JWM\JH
K:\Pasadena Pldg\FeeApps\MKM Second App v2.docx
SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

j.     LEGAL RESEARCH RE CRAM DOWN.

This project billing category includes your Applicant's attorneys' fees for legal reseach and analysis regarding cram down issues relative to the Debtor's plan of reorganization.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "K"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Jenny Lynn Fountain (JLF) | 4.70 | $ 350.00 | $ 1,645.00 |
| **Totals** | **4.70** | | $ 1,645.00 |

k.     EXCLUSIVITY.

This project billing category includes your Applicant's attorneys' fees relative to the Debtor's motion for an extension of the exclusive period during which only the Debtor may file and solicit acceptances of a plan and includes discussions with the Debtor and the Committee, preparation of the motion and related pleadings, evaluation of Rabobank's objection to the motion, attending the hearing regarding the motion, and preparation of the order granting the motion.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "L"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 3.90 | $ 590.00 | $ 2,301.00 |
| Janice M. Murray (JMM) | .20 | $ 540.00 | $ 108.00 |
| Jenny Lynn Fountain (JLF) | 13.90 | $ 350.00 | $ 4,865.00 |
| Ivan C. Jen (ICJ) | 1.00 | $ 225.00 | 225.00 |
| **Totals** | **19.00** | | $ 7,499.00 |

SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

JWM\05\...
K:\Pasadena Hldg\FeeApps\M&M\Second\App v2.docx

l.    INTERACTION WITH CREDITORS' COMMITTEE.

This project billing category includes your Applicant's attorneys' fees relative to its interaction with the Committee and its counsel, and includes communications with the Committee regarding the status of the case, the Debtor's revenues, cash flow forecasts, budgets and other requested information, non-disclosure agreements, discussions with the Debtor regarding conference calls with the Committee and meetings with the home owners association, attending conference calls with the Committee, and responding to the Committee's informational requests.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "M"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 14.30 | $ 590.00 | $  8,437.00 |
| Janice M. Murray (JMM) | 2.40 | $ 540.00 | $  1,296.00 |
| Jenny Lynn Fountain (JLF) | 5.80 | $ 350.00 | $  2,030.00 |
| Ivan C. Jen (ICJ) | .10 | $ 225.00 | $       22.50 |
| **Totals** | 22.60 | | $  11,785.50 |

m.    CASE MANAGEMENT.

This project billing category includes your Applicant's attorneys' fees relative to case management.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "N"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .40 | $ 590.00 | $ 236.00 |
| Ivan C. Jen (ICJ) | .20 | $ 225.00 | 45.00 |
| **Totals** | 0.60 | | $ 281.00 |

    n.    COMPENSATION OF PROFESSIONALS (GENERALLY).

This project billing category includes your Applicant's attorneys' fees relative to compensation of professionals in the case generally and includes your Applicant's communications with the case professionals re procedures and protocols for applications for compensation, time records, etc.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "O"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.40 | $ 590.00 | $ 826.00 |
| Jenny Lynn Fountain (JLF) | 2.80 | $ 350.00 | $ 980.00 |
| **Totals** | 4.20 | | $ 1,806.00 |

    o.    COMPENSATION OF FLG PARTNERS.

This project billing category includes your Applicant's attorneys' fees relative to the compensation of FLG Partners and includes the preparation of FLG Partners' application for compensation, conferring with FLG Partners regarding the same, attending the hearing regarding the application, and preparation of the order approving the application.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "P"** hereto and by this reference incorporated herein, which exhibit identifies the individual

professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | .70 | $ | 590.00 | $ | 413.00 |
| Jenny Lynn Fountain (JLF) | 7.40 | $ | 350.00 | $ | 2,590.00 |
| **Totals** | **8.10** | | | **$** | **3,003.00** |

  p. COMPENSATION OF COMMITTEE COUNSEL.

This project billing category includes your Applicant's attorneys' fees relative to compensation of Committee counsel and includes evaluating said counsels' motion for a post-petition retainer, reviewing counsels' first application for compensation, preparing a limited objection to the application, and attending the hearing on the application.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "Q"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | .90 | $ | 590.00 | $ | 531.00 |
| Jenny Lynn Fountain (JLF) | 5.80 | $ | 350.00 | $ | 2,030.00 |
| Ivan C. Jen (ICJ) | 1.00 | $ | 225.00 | | 225.00 |
| **Totals** | **7.70** | | | **$** | **2,786.00** |

  q. MURRAY & MURRAY'S FIRST APPLICATION FOR INTERIM COMPENSATION.

This project billing category includes your Applicant's attorneys' fees relative to the preparation of its FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR (the "First Application"). Your Applicant also expended $5,318.00 in attorneys' fees relative to the preparation of the First Application which were included in the First Application. The attorneys' fees therefore devoted to the preparation of the First Application total $23,061.00 or approximately 7.73% of the total compensation requested in the First

Application. Your Applicant will voluntarily reduce its request for attorneys' fees by $8,145.12 or 2.73% of the compensation requested in the First Application so that such fees do not exceed 5% of the compensation requested in the First Application.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "R"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 17.20 | $ 590.00 | $ 10,148.00 |
| Jenny Lynn Fountain (JLF) | 21.70 | $ 350.00 | $ 7,595.00 |
| **Totals** | **38.90** | | **$ 17,743.00** |

r. MURRAY & MURRAY'S SECOND APPLICATION FOR INTERIM COMPENSATION.

This project billing category includes your Applicant's attorneys' fees relative to the preparation of this SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR, which fees represent approximately 6.96% of the total compensation requested in this Application. Your Applicant will voluntarily reduce its request for attorneys' fees by $2,111.38 or 1.96% of the compensation requested in this Application so that such fees do not exceed 5% of the compensation requested in this Application.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "S"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

JWM\D...
K:\Pasadena Hldg\FeeApps\M&M\Second\App v2.docx

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 12.70 | $ 590.00 | $ 7,493.00 |
| **Totals** | 12.70 | | $ 7,493.00 |

## XI.   PROJECT BILLING SUMMARY.

A summary of all project billing categories used by your Applicant in this case, including hours of professional time devoted to each category and the amount of attorneys' fees incurred therefore, is attached hereto as **Exhibit "T"** and by this reference incorporated herein.

## XII.   BILLING SUMMARY.

In the course of its representation of the Debtor in these matters from June 1, 2009 through November 15, 2009, Murray & Murray has devoted in excess of 248.4 hours of professional time in the performance of such services, including those set forth hereinabove, as indicated on Murray & Murray's Master Time Summary, a copy of which is attached hereto as **Exhibit "U"** and by this reference incorporated herein.  The Master Time Summary identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 79.20 | $ 590.00 | $ 46,728.00 |
| Janice M. Murray (JMM) | 4.10 | $ 540.00 | $ 2,214.00 |
| Jenny Lynn Fountain (JLF) | 157.10 | $ 350.00 | $ 54,985.00 |
| Rachel P. Ragni (RPR) | 5.30 | $ 330.00 | $ 1,749.00 |
| Ivan C. Jen (ICJ) | 2.70 | $ 225.00 | $ 607.50 |
| **Totals** | 248.40 | | $ 106,283.50 |

A curriculum vitae for each of the attorneys who devoted time to this matter during the application period is attached hereto collectively as **Exhibit "V"** and by this reference incorporated herein.  The bar admission dates for each of the attorneys who devoted time to this matter are as follows:

/ / /

/ / /

/ / /

| | |
|---|---|
| John Walshe Murray | June 28, 1977 |
| Janice M. Murray | December 1, 1981 |
| Jenny L. Fountain | August  7, 2003 |
| Rachel P. Ragni | May 4, 2005 (Texas) |
| Rachel P. Ragni | December 13, 2005 (California) |
| Ivan C. Jen | December 4, 2007 |

## XIII.   REIMBURSEMENT OF EXPENSES.

Murray & Murray has also incurred expenses in the sum of $1,440.15 from June 1, 2009 through November 15, 2009 as itemized on **Exhibit "W"** attached hereto and by this reference incorporated herein. The amounts currently charged by Murray & Murray for ordinary and customary expenses are as follows:

| | |
|---|---|
| Automobile travel:[1] | 55¢ / mile |
| Faxes (incoming only):[2] | 20¢ / page |
| Internal photo-copying: | 20¢ / copy |
| Computerized research: | actual cost |
| Court reporters fees: | actual cost |
| Document storage & disposal: | actual cost |
| Filing fees: | actual cost |
| Lien searches: | actual cost |
| Long distance telephone: | actual cost |
| Messenger:[3] | actual cost |
| Other travel (e.g. airfare): | actual cost |
| Outside photo-copying: | actual cost |
| Overnight delivery:[4] | actual cost |
| Parking:[5] | actual cost |

---

[1] No part of the automobile travel expense requested herein is attributable to travel by a professional, paraprofessional or other staff members, regardless of the day of the week or time of the day, between his or her residence and principal place of business. The mileage reimbursement rate is in conformity with the amount allowed by the Internal Revenue Service.

[2] Murray & Murray is not requesting reimbursement for any outgoing faxes in this case.

[3] Murray & Murray utilizes a messenger service only when circumstances warrant same day delivery or when the article delivered is of such import that its safe and timely delivery cannot be entrusted to the United States Postal Service.

[4] Murray & Murray utilizes overnight delivery services only when circumstances warrant delivery faster than can be achieved by first class mail.

[5] No part of the parking expense requested herein is attributable to parking for professionals, para-professionals or other staff members at their principal place of business regardless of the day of week or time of the day.

SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

JWM\\ds\\...\\R:\\Pasadera\\Pldg\\FeeApps\\M&M\\Second\\App v2.docx

| | |
|---|---|
| Postage: | actual cost |
| Printing: | actual cost |
| Process service: | actual cost |
| UCC Searches: | actual cost |
| Witness fees: | actual cost |
| Working meals: | actual cost |

### XIV.  PRIOR COMPENSATION.

This is your Applicant's second application for compensation in the case.  In the year prior to the commencement of the case, Murray & Murray received payments from the Debtor of $250,000.00.  Of these amounts, $97,332.75 was expended in services rendered to the Debtor prior to the commencement of the case, leaving a remaining advance retainer for the Chapter 11 case of $152,667.25 (the "Chapter 11 Advance Retainer").  The Debtor also agreed to pay Murray & Murray such additional attorney's fees and expenses as may be approved by this Court.

On July 10, 2009, this Court entered its ORDER RE FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR whereby it allowed your Applicant attorneys' fees in the sum of $288,220.50 and reimbursement of expenses in the sum of $7,564.58 for the period of February 7, 2009 through May 31, 2009.  The Chapter 11 Advance Retainer was applied to this award.  The balance was paid by the Debtors.

### XV.  SOURCE OF COMPENSATION.

The source of compensation to be paid to your Applicant is cash held by the Debtor.

### XVI.  NO SHARING OF COMPENSATION.

No compensation previously received by Murray & Murray has been shared with any other person, and no agreement or understanding exists between Murray & Murray and any other person for the sharing of compensation received or to be received for services rendered in, or in connection with, this case, except with the regular members and associates of Murray & Murray.

### XVII.  UNPAID CHAPTER 11 EXPENSE OF ADMINISTRATION CLAIMS.

The only unpaid Chapter 11 expense of administration claims, other than the claim of your Applicant as set forth herein, are those of the Debtor's and Committee's other professionals.  Your Applicant is advised by the Debtor that all other obligations incurred by the Debtor since the Petition

JWM/lb
K:\Pasadena Pldg\FeeApps\M&M Second\App v2.docx

Date are being paid in the ordinary course of the Debtor's business.

XVIII. <u>VOLUNTARY REDUCTION.</u>

As indicated in Sections X. q. and p. above, your Application will voluntarily reduce its request for attorneys' fees by $10,256.50.

XIX.   <u>RELIEF REQUESTED.</u>

By this Application, Murray & Murray seeks interim allowance and approval of payment for all attorney's fees and expenses incurred by Murray & Murray in its representation of the Debtor from but not yet compensated or reimbursed.  Specifically, Murray & Murray requests interim approval of its Chapter 11 attorney's fees and expenses incurred from June 1, 2009 through November 15,  2009 in the amounts of $96,027.00 (fees incurred of $106,283.50 less the voluntary reduction of $10,256.50) and $1,440.15 respectively.   In view of the time expended, the responsibilities assumed, and the reputation and skill of Murray & Murray in the field of bankruptcy and commercial law, Murray & Murray respectfully submits that the foregoing represents the reasonable value of the services rendered.  Murray & Murray believes that the services rendered were necessary, and that the attorneys fees requested constitute reasonable and necessary fees expended on behalf of the estate.

**WHEREFORE**, Murray & Murray prays that this Court enter its Order (i) approving the attorneys fees incurred by Murray & Murray in its representation of the Debtor from June 1, 2009 through November 15, 2009 in the sum of $96,027.00 (fees incurred of $106,283.50 less the voluntary reduction of $10,256.50); (ii) approving reimbursement of all expenses incurred by Murray & Murray in its representation of the Debtor from June 1, 2009 through November 15, 2009 in the sum of $1,440.15; (iii) authorizing and directing the Debtor to pay Murray & Murray the sum of $96,027.00 for services rendered from June 1, 2009 through November 15, 2009 but not yet compensated; (iv) authorizing and directing the Debtor to pay to Murray & Murray the sum of $1,440.15 for expenses incurred from June 1, 2009 through November 15, 2009 not yet reimbursed; and (v) for such other and further relief as the Court deems just and proper.

/ / /

/ / /

23    SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

Dated: November 25, 2009

**MURRAY & MURRAY**
A Professional Corporation


By: _/s/ John Walshe Murray_
     John Walshe Murray
     Attorneys for Debtor

SECOND APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR
DEBTOR

I, John Walshe Murray, am the professional designated by Murray & Murray, A Professional Corporation ("Murray & Murray") with the responsibility in this case for compliance with the GUIDELINES FOR COMPENSATION AND EXPENSE Reimbursement OF PROFESSIONALS AND TRUSTEES (the "Guidelines") promulgated by this Court on July 8, 2004, and I hereby certify that:

(1)     I have read the foregoing Application;

(2)     To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought herein is in conformity with the Guidelines, except as follows:

a.     Murray & Murray has included all of its expenses on one exhibit to the Application (**Exhibit "W"**) rather than specifying expenses for each project billing category as it is not practical to separate the expenses by project billing category.

b.     The results in the case generally are discussed in the introductory paragraphs to the Application but the pendency of some matters is ongoing and therefore a description of the "results obtained" for each project or task was not appropriate in every instance;

(3)     The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Murray & Murray and generally accepted by Murray & Murray's clients;

(4)     All of the time records attached to this Application are accurate and were recorded in the regular and ordinary course of business contemporaneously with the services provided; and

(5)     This Application was transmitted to the Debtor and the post-confirmation Responsible Person with the cover letter required by the Guidelines, a copy of which is attached hereto as **Exhibit "X"** and by this reference incorporated herein.

I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief formed after reasonable inquiry.

*/s/ John Walshe Murray*
John Walshe Murray

**EXHIBIT INDEX**

EXHIBIT A      ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL.

EXHIBIT B      Project Billing re COMMUNICATIONS TO AND FROM DEBTOR AND DEBTOR'S PROFESSIONALS.

EXHIBIT C      Project Billing re COMMUNICATIONS TO AND FROM PARTIES IN INTEREST (GENERALLY).

EXHIBIT D      Project Billing re MONTHLY OPERATING REPORTS.

EXHIBIT E      Project Billing re ASSET SALE.

EXHIBIT F      Project Billing re REAL PROPERTY LEASE.

EXHIBIT G      Project Billing re CLAIMS.

EXHIBIT H      Project Billing re PLAN OF REORGANIZATION.

EXHIBIT I      Project Billing re DISCLOSURE STATEMENT.

EXHIBIT J      Project Billing re LEGAL RESEARCH re PLAN CLASSIFICATION.

EXHIBIT K      Project Billing re LEGAL RESEARCH re CRAM DOWN.

EXHIBIT L      Project Billing re EXCLUSIVITY.

EXHIBIT M      Project Billing re INTERACTION WITH CREDITORS' COMMITTEE.

EXHIBIT N      Project Billing re CASE MANAGEMENT.

EXHIBIT O      Project Billing re COMPENSATION OF PROFESSIONALS (GENERALLY).

EXHIBIT P      Project Billing re COMPENSATION OF FLG PARTNERS.

EXHIBIT Q      Project Billing re COMPENSATION OF COMMITTEE COUNSEL.

EXHIBIT R      Project Billing re MURRAY & MURRAY'S FIRST APPLICATION FOR INTERIM COMPENSATION.

EXHIBIT S      Project Billing re MURRAY & MURRAY'S SECOND APPLICATION FOR INTERIM COMPENSATION.

EXHIBIT T      PROJECT BILLING SUMMARY.

EXHIBIT U      MURRAY & MURRAY'S MASTER TIME SUMMARY.

EXHIBIT V      PROFESSIONALS' CURRICULUM VITAE.

EXHIBIT W      SUMMARY OF EXPENSES.

EXHIBIT X      GUIDELINES COVER LETTER.

Case 09-50771   Doc# 174   Filed: 11/25/09   Entered: 11/25/09 10:28:00   Page 28 of 28